UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLY ST. CYR                                              CIVIL ACTION
ON BEHALF OF DS


VERSUS                                                       NO. 15-167-SDD-RLB


CAROLYN COLVIN,
COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION


## NOTICE

  Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

  Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

  Signed in Baton Rouge, Louisiana, on January 5, 2016.


_____
  RICHARD L. BOURGEOIS, JR.
  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLY ST. CYR                                        CIVIL ACTION
ON BEHALF OF DS


VERSUS                                                         NO. 15-167-SDD-RLB


CAROLYN COLVIN,
COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


After considering the unopposed[1] Motion to Remand (R. Doc. 11) filed by Defendant,

Commissioner Carolyn Colvin (Commissioner), the Court **RECOMMENDS** that the

Commissioner's Motion be **GRANTED**.

The Court further **RECOMMENDS** that the Commissioner's September 19, 2014

decision (Tr. 15-28) denying DS's application for supplemental security income be **REVERSED**

and **REMANDED** to the Commissioner, pursuant to sentence 4 of 42 U.S.C. § 405(g).  Upon

remand, and as specifically requested by the Commissioner in the Motion, the Commissioner

shall conduct further administrative proceedings, as follows:

   (1)    The Commissioner must "explain why scores obtained in standardized testing [do

          or do not] establish 'marked' limitation in the functional equivalence of

          interacting and relating with others."

---

[1] Plaintiff's counsel has informed the Court that the Motion to Remand is not opposed.

(2)     The Appeals Council must "determine whether the record supports a finding

that DS's impairments functionally equaled the listings."

(3)     If further development of the record is needed, "the Appeals Council will instruct

the ALJ to address DS's Clinical Evaluation of Language Fundamentals (CELF)

scores and how they affect DS's abilities in the functional equivalence domains

of acquiring and using information and interacting and relating with others; and

further consider whether DS" has an impairment that meets or medically equals a

listing.

(R. Doc. 11-1 at 1-2).

Finally, the Court **RECOMMENDS** that Plaintiff's action be **DISMISSED**, reserving

Plaintiff's right to the subsequent timely filing of an application for attorney's fees under the

Equal Access to Justice Act. 42 U.S.C. § 2412(d)(1)(B).

Signed in Baton Rouge, Louisiana, on January 5, 2016.


_____
   RICHARD L. BOURGEOIS, JR.
   UNITED STATES MAGISTRATE JUDGE